**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CYNTHIA COTTA, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FCA US LLC, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | Case No.: 1:19-CV-01774-AWI-JLT <br><br> SCHEDULING ORDER (Fed. R. Civ. P. 16) <br><br> Pleading Amendment Deadline: 6/15/2020 <br><br> Discovery Deadlines: <br>    Initial Disclosures: Completed <br>    Non-Expert: 9/17/2020 <br>    Expert: 11/30/2020 <br>    Mid-Discovery Status Conference: <br>    6/9/2020 at 8:30 a.m. <br><br> Non-Dispositive Motion Deadlines: <br>    Filing: 12/11/2020 <br>    Hearing: 1/8/21 <br><br> Dispositive Motion Deadlines: <br>    Filing: 1/15/21 <br>    Hearing: 2/22/21 <br><br> Settlement Conference: <br>    9/9/2020 at 1:30 p.m. <br>    510 19th Street, Bakersfield, CA <br><br> Pre-Trial Conference: <br>    4/8/21 at 10:00 a.m. <br>    Courtroom 2 <br><br> Trial:  6/1/21 at 8:30 a.m. <br>    Courtroom 2 <br>    Jury trial: 3-5 days |

1

**I.      Date of Scheduling Conference**

March 17, 2020.

**II.     Appearances of Counsel**

Kevin Jacobson appeared on behalf of Plaintiffs.

Richard Stuhlbarg appeared on behalf of Defendant.

**III.    Pleading Amendment Deadline**

Any requested pleading amendments are ordered to be filed, either through a stipulation or motion to amend, no later than **June 15, 2020**.

**IV.     Discovery Plan and Cut-Off Date**

The parties are ordered to complete all discovery pertaining to non-experts on or before **September 17, 2020**, and all discovery pertaining to experts on or before **November 30, 2020**.

The parties are directed to disclose all expert witnesses, in writing, on or before **October 16, 2020**, and to disclose all rebuttal experts on or before **October 29, 2020**. The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder**. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

A mid-discovery status conference is scheduled for **June 9, 2020** at 8:30 a.m. before the Honorable Jennifer L. Thurston, U.S. Magistrate Judge, located at 510 19th Street, Bakersfield, California. Counsel SHALL file a joint mid-discovery status conference report one week before the conference. Counsel also SHALL lodge the status report via e-mail to JLTorders@caed.uscourts.gov. The joint statement SHALL outline the discovery counsel have completed and that which needs to be

completed as well as any impediments to completing the discovery within the deadlines set forth in this order. **Counsel SHALL discuss settlement and certify that they have done so.** Counsel may appear via teleconference by dialing (888) 557-8511 and entering Access Code 1652736, provided the Magistrate Judge's Courtroom Deputy Clerk receives a written notice of the intent to appear telephonically no later than five court days before the noticed hearing date.

**V.     Pre-Trial Motion Schedule**

All non-dispositive pre-trial motions, including any discovery motions, shall be filed no later than **December 11, 2020[1]**, and heard on or before **January 8, 2021**. Non-dispositive motions are heard at 9:00 a.m., before the Honorable Jennifer L. Thurston, United States Magistrate Judge, at the United States District Courthouse located at 510 19th Street, Bakersfield, California.

No written discovery motions shall be filed without the prior approval of the assigned Magistrate Judge. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, the moving party promptly shall seek a telephonic hearing with all involved parties and the Magistrate Judge. It shall be the obligation of the moving party to arrange and originate the conference call to the court. To schedule this telephonic hearing, the parties are ordered to contact Courtroom Deputy Clerk, Susan Hall at (661) 326-6620 or via email at SHall@caed.uscourts.gov. **Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 144(e). However, if counsel does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 251.

Counsel may appear and argue non-dispositive motions via teleconference by dialing (888) 557-8511 and entering Access Code 1652736, provided the Magistrate Judge's Courtroom Deputy Clerk receives a written notice of the intent to appear telephonically no later than five court days before the

---

[1] Non-dispositive motions related to non-expert discovery SHALL be filed within a reasonable time of discovery of the dispute, but in no event later than 30 days after the expiration of the non-expert discovery deadline.

3

noticed hearing date.

All dispositive pre-trial motions shall be filed no later than **January 15, 2021**, and heard no later than **February 22, 2021**, in Courtroom 2 at 10:30 a.m. before the Honorable Anthony W. Ishii, United States District Court Judge. In scheduling such motions, **counsel shall comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260**.

VI.     **Motions for Summary Judgment or Summary Adjudication**

**At least 21 days before** filing a motion for summary judgment or motion for summary adjudication, the parties are **ORDERED** to meet, in person or by telephone, to confer about the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a motion; and 6) to develop a joint statement of undisputed facts.

The moving party **SHALL** initiate the meeting and **SHALL** provide a complete, proposed statement of undisputed facts **at least five days before** the conference. The finalized joint statement of undisputed facts **SHALL** include all facts that the parties agree, for purposes of the motion, may be deemed true. In addition to the requirements of Local Rule 260, the moving party shall file the joint statement of undisputed facts.

In the notice of motion the moving party **SHALL** certify that the parties have met and conferred as ordered above, or set forth a statement of good cause for the failure to meet and confer. **Failure to comply may result in the motion being stricken.**

VII.    **Pre-Trial Conference Date**

**April 8, 2021**, at 10:00 a.m. in Courtroom 2 before Judge Ishii.

The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 281(a)(2)**. The parties are further directed to submit a digital copy of their pretrial statement in Word format, directly to Judge Ishii's chambers, by email at AWIOrders@caed.uscourts.gov.

Counsels' attention is directed to **Rules 281 and 282 of the Local Rules** of Practice for the

Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules. In addition to the matters set forth in the Local Rules the Joint Pretrial Statement shall include a Joint Statement of the case to be used by the Court to explain the nature of the case to the jury during voir dire.

## VIII. Trial Date

**June 1, 2021**, at 8:30 a.m. in Courtroom 2 before the Honorable Anthony W. Ishii, United States District Court Judge.

    A.     This is a jury trial.

    B.     Counsels' Estimate of Trial Time: 3-5 days.

    C.     Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

## IX. Settlement Conference

A settlement conference is scheduled for **September 9, 2020**, at 1:30 p.m., located at 510 19th Street, Bakersfield, California.

Unless otherwise permitted in advance by the Court, **the attorneys who will try the case shall appear** at the Settlement Conference with the parties and the person or persons having authority to negotiate and settle the case on any reasonable terms[2] discussed at the conference. Consideration of settlement is a serious matter that requires preparation prior to the settlement conference. Set forth below are the procedures the Court will employ, absent good cause, in conducting the conference.

**At least 21 days before** the settlement conference, Plaintiff **SHALL** submit to Defendant via fax or e-mail, a written itemization of damages and a meaningful[3] settlement demand which includes a brief explanation of why such a settlement is appropriate. Thereafter, **no later than 14 days before** the settlement conference, Defendant **SHALL** respond via fax or e-mail, with an acceptance of the offer or with a meaningful counteroffer, which includes a brief explanation of why such a settlement is

---

[2] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like may be represented by a person whose recommendations about settlement are relied upon by the ultimate decision makers.

[3] "Meaningful" means the offer is reasonably calculated to settle the case on terms acceptable to the offering party. "Meaningful" does not include an offer which the offering party knows will not be acceptable to the other party. If, however, the offering party is only willing to offer a settlement which it knows the other party will not accept, this should trigger a recognition the case is not in a settlement posture and the parties should confer about continuing the settlement conference via stipulation.

appropriate. **The parties SHALL continue to exchange counteroffers until it is no longer productive.**

If settlement is not achieved, each party **SHALL** attach copies of their settlement offers to their Confidential Settlement Conference Statement, as described below. Copies of these documents shall not be filed on the court docket.

## CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

**At least five court days before** the settlement conference, the parties shall submit, directly to Judge Thurston's chambers by e-mail to JLTOrders@caed.uscourts.gov, a Confidential Settlement Conference Statement. The statement **should not be filed** with the Clerk of the Court **nor served on any other party**, although the parties may file a Notice of Lodging of Settlement Conference Statement. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.

The Confidential Settlement Conference Statement shall include the following:

A. A brief statement of the facts of the case.

B. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

C. A summary of the proceedings to date.

D. An estimate of the cost and time to be expended for further discovery, pretrial and trial.

E. The relief sought.

F. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

**X. Requests for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

None.

**XI. Related Matters Pending**

There are no pending related matters.

///

**XII.  Compliance with Federal Procedure**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California[4], and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load, and sanctions will be imposed for failure to follow both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

**XIII.  Effect of this Order**

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:  **March 19, 2020**          **/s/ Jennifer L. Thurston**
                                    UNITED STATES MAGISTRATE JUDGE

---

[4] The Court notes, for example, counsel failed to follow the format for the joint scheduling order and in doing so added extraneous information unneeded at this point. Counsel SHALL employ the Local Rules and procedures of this Court and not any other District.